STATE OF CONNECTICUT *v.* WILLIE MILLEDGE
(4362)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 4—decision released July 8, 1986

*Steven F. Meo,* for the appellant (defendant).

*Kevin D. O'Leary,* special assistant state's attorney, with whom were *Kevin P. McMahon,* assistant state's attorney, *James G. Clark,* deputy assistant state's attorney, and *Harry Weller,* special assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals his conviction, after a jury trial, of the crimes of robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), assault in the first degree in violation of General Statutes § 53a-59 (a) (1), and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (2).

The defendant claims that the trial court erred (1) in denying the defendant his right to a unanimous verdict on the first count of the information, (2) in instructing the jury that the defendant could be guilty of assault by acting recklessly, and (3) in concluding that the evidence was sufficient to support a conviction of conspiracy to commit robbery.

The jury could reasonably have found the facts as follows. At about 3:30 p.m. on March 13, 1984, the police, having been dispatched to 177 Overlook Terrace in Hartford, discovered the victim, Eloy Vega, bleeding from a head wound. Officer Francis Haynes, one of the police who responded to the call, received information from three witnesses who stated that they had seen what happened. According to the witnesses, the perpetrators were four black males who were riding in a green Buick Electra with a broken taillight. The witnesses stated that the gun used in the incident was a small caliber handgun. Subsequently, the witnesses were brought to the police station and their statements were taken.

At approximately 4 p.m. that same afternoon, Detectives Russell Blow and Edward Czernicki of the Hartford police department noticed a car matching the description of the suspect's vehicle as it drove by their position on Nelson Street. Blow recognized the driver of the car as the defendant, Willie Milledge. The two detectives stopped the car and, approaching it with guns drawn, ordered the occupants to keep their hands raised. The defendant, with his head down to the level of the steering wheel, appeared to be fumbling with something under the seat in an attempt to hide it. The defendant was ordered to exit the car, after which a small .25 caliber handgun was recovered from the vehicle. This gun was later proven to be the weapon from which a bullet taken from the victim's skull was fired. In addition to the defendant, the vehicle was occupied by Arthur Alexander, Woodrow Johnson, Billy Leonard, and Barry Williams. The suspects were taken into custody and were made subjects in a lineup.

Freddie Torrez, the brother of the victim, witnessed the shooting. He viewed the lineup and picked out the defendant as the party who held the gun while Alexander and Williams threw him to the ground and

robbed him of $35. Juan Rodriguez and Narcisco Texidor, who also had witnessed the crime, also picked out the defendant from the lineup as having been at the scene of the shooting. Torrez indicated that he heard one person say "Willie, let's get him now." The victim of the shooting, Vega, stated that the driver of the car wore a New York Yankee baseball cap and that the last thing he remembered before being shot was the driver's holding a pistol in front of his face. Arthur Alexander, one of the passengers in the car, identified the defendant as the person who pointed the weapon at the victim and shot him. Texidor identified the defendant as wearing a New York Yankee baseball cap and as the driver of the vehicle. Texidor stated that the defendant was carrying a small handgun when he ran back to the Buick. He also stated that the defendant had his finger on the trigger of the gun.

The defendant's first claim, although not raised at trial, is reviewable by us under *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973). The defendant asserts that he was deprived of his right, under the sixth amendment to the United States constitution, to a unanimous verdict of his six member jury. He claims deprivation of a fundamental right and contests the fairness of his trial. We held in *State* v. *Benite*, 6 Conn. App. 667, 671, 507 A.2d 478 (1986), that a defendant's unanimity claim falls into the category of cases that may be reviewed under the *Evans* bypass.

It is clear that the sixth amendment to the United States constitution guarantees a defendant in a criminal case the right to a unanimous verdict if his jury consists of only six members. *Burch* v. *Louisiana*, 441 U.S. 130, 99 S. Ct. 1623, 60 L. Ed. 2d 96 (1979).

The amended information, in the first count, charging the defendant with robbery in the first degree, sets forth as follows: "First Count: That the said Willie

Milledge did commit Robbery in the First Degree in Violation of Connecticut General Statutes § 53a-134 (a) (2), and that on or about March 13, 1984, in the area of 176 Overlook Terrace in the City of Hartford, while accompanied with co-defendants, he was armed with a deadly weapon which he discharged into the skull and eye of Eloy Vega to overcome his resistance for the taking of Mr. Vega's property and Freddie Torre[z]."

In pressing his unanimity argument, the defendant claims that some of the jurors might have found the defendant guilty of robbing Vega, while others of the jury might have found the defendant guilty of robbing Torrez. The jury could have been unanimous in its conclusion that a robbery was committed but could have lacked unanimity as to each of the victims, individually, thereby depriving the defendant of his constitutionally required unanimous verdict.

We disagree with the defendant's argument that in order to find the defendant guilty the state had the burden of proving that two robberies were committed. The state charged the defendant with only one count of robbery for which the defendant was tried, convicted and sentenced. The state had the burden of proving beyond a reasonable doubt the elements of the crime of robbery in the first degree as charged in the amended information. The essential elements constituting the crime of robbery in the first degree under General Statutes § 53a-134 (a) (2) are a robbery when the person committing same is armed with a deadly weapon.

General Statutes § 53a-133 defines robbery as essentially the taking of the property of another by the use of force or the threat thereof. The information in this case, in addition to relating the essential elements of robbery in the first degree, in effect, gratuitously adds additional elements resulting in a greater burden of

proof required of the state. This greater burden, requiring that the state prove more than the necessary elements to constitute the crime, works to the advantage of the defendant. Where the circumstances of the charge work to the benefit of the defendant and substantially increase the state's burden of proof, the defendant has little cause to complain. *State* v. *Hawthorne,* 175 Conn. 569, 574, 402 A.2d 759 (1978). Moreover, in this case the added element of "while accompanied with co-defendants," and the taking of the property of Freddie Torrez are pleaded as additional allegations subject to proof by the state beyond a reasonable doubt rather than in the alternative which might support a claim of lack of unanimity.

The jury was not confronted with the option of choosing from the allegations only those elements necessary to constitute a robbery of either Vega or Torrez but was in fact instructed by the court that they had to find, unanimously, all the elements as alleged in order to convict the defendant of the crime of robbery in the first degree. The trial court in its instructions to the jury on several occasions emphasized the fact that their verdict had to be unanimous. A fair reading of the complete charge leaves no doubt that the jury was fully and fairly apprised of the requirement of unanimity. In addition, the record indicates that the jury was polled and that the defendant neither made an effort to provide a record of the results nor did he object to the acceptance of the verdict. If the poll supported the defendant's claim of lack of unanimity, we would expect that he would have provided us with the record of the same. We will not presume error. *State* v. *Tyler-Barcomb,* 197 Conn. 666, 676, 500 A.2d 1324 (1985); *State* v. *Thompson,* 197 Conn. 67, 81, 495 A.2d 1054 (1985); *Barra* v. *Ridgefield Card & Gift Gallery, Ltd.,* 194 Conn. 400, 407, 480 A.2d 552 (1984). The defendant's claim of lack of unanimity is unwarranted.

The defendant's next claim, that the trial court erred by instructing the jury that the defendant could be found guilty of assault if he acted recklessly, and his final claim, that the evidence was insufficient to support a conviction for conspiracy to commit robbery, were not raised by him at the trial level and he has not claimed that they are reviewable under *State* v. *Evans*, supra. Consequently, we decline to review these claims on appeal. Practice Book § 3063; *State* v. *Kurvin*, 186 Conn. 555, 563–64, 442 A.2d 1327 (1982); *State* v. *McDaniel*, 176 Conn. 131, 135, 405 A.2d 68 (1978); *State* v. *Hilliard*, 3 Conn. App. 339, 341, 488 A.2d 463 (1985).

There is no error.

In this opinion the other judges concurred.