### STATE OF CONNECTICUT *v.* BAILEY COOK III
### (4086)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 5—decision released July 15, 1986

*James W. Walsh,* for the appellant (defendant).

*Timothy D. Hayes,* legal intern, with whom were *James G. Clark,* deputy assistant state's attorney, and, on the brief, *John J. Kelly,* chief state's attorney, for the appellee (state).

HULL, J. The defendant was convicted, after a jury trial, of interfering with an officer, a violation of General Statutes § 53a-167a,[1] and disorderly conduct, a violation of General Statutes § 53a-182 (a) (1).[2] He now challenges the judgment of conviction rendered against him, asserting as his only issue on appeal that the trial court erred in its instruction to the jury on the elements of the interfering offense. We conclude that the defendant did not properly preserve this claim and, accordingly, we decline to review it.

The testimony at trial revealed the following. On May 12, 1984, officers from the Seymour police department were dispatched to a home to investigate a report that the defendant, a police officer, had taken his daughter there from her mother's home in Ansonia in violation of a court ordered visitation schedule. When they arrived at the Seymour home, the police, who had previously been informed that a gun might be involved, encountered the defendant, who was quite upset, his daughter, his mother and other family members. They were told by the defendant's mother that she had hidden his gun. One of the officers, who knew the defendant, talked to him and was able to calm him down substantially. A short time later, however, the officer

---

[1] General Statutes § 53a-167a provides in part: "A person is guilty of interfering with an officer when he obstructs, resists, hinders or endangers any peace officer or fireman in the performance of his duties."

[2] General Statutes § 53a-182 (a) (1) provides: "(a) A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior . . . ."

saw the defendant struggling with his mother for control of the weapon. He intervened and knocked the gun to the floor. During the incident, the gun made contact with the officer's stomach. Later, two police officers from the Ansonia police department arrived at the home and told the defendant that he was to be arrested for custodial interference and breach of peace. When the defendant questioned the officers' authority to arrest him, a struggle ensued which resulted in the defendant's being handcuffed, removed from the residence and placed in the patrol car.[3] On the basis of this incident, the defendant was arrested pursuant to a warrant approximately four months later and was charged with the interfering and disorderly conduct offenses, the convictions for which he now challenges.[4]

The defendant's sole claim is that the trial court erred by instructing the jury on the interfering charge. While explaining the elements of the crime, the trial court informed the jurors that pursuant to General Statutes § 53a-23, the use of physical force to resist arrest was not justified. The defendant now argues that this discussion of resisting arrest was inappropriate because the state filed a bill of particulars[5] in which it limited itself to proving that the interfering charge was based on the defendant's pushing the gun into an officer's stomach. He contends that the challenged instruction authorized the jurors to find that he committed the crime in another manner, by resisting arrest, and thereby encouraged a finding of guilty based on an uncharged theory of liability. The state claims that the defendant did not except to the charge on this basis and, accordingly, urges this court not to review the defendant's claim.

---

[3] Apparently, the arrest made by the Ansonia police later was held to be illegal.

[4] The defendant was also charged with reckless endangerment, a violation of General Statutes § 53a-63 (a). He was acquitted of that charge.

[5] The state later filed an amended information to conform to the bill of particulars.

Generally, this court will not consider error in a trial court's instruction to the jury unless the challenged matter was included in a written request to charge or an exception was taken after the charge was given. Practice Book §§ 854 and 3063. "Additionally, the exception taken must 'state *distinctly* the matter objected to and the ground of the exception.' (Emphasis added.) Practice Book § 854. This requirement is imposed so that the trial court will be made aware of claims of error in time to take appropriate remedial steps. *State* v. *Packard,* 184 Conn. 258, 281, 439 A.2d 983 (1981). Accordingly, a trial court's instructions to the jury will not be considered as error on appeal if the exception taken was 'insufficient adequately to apprise the court of the deficiency in the charge in a manner which would permit the court to make a correction.' *State* v. *Peary,* 176 Conn. 170, 182, 405 A.2d 626 (1978), cert. denied, 441 U.S. 966, 99 S. Ct. 2417, 60 L. Ed. 2d 1072 (1979)." *State* v. *Alston,* 5 Conn. App. 571, 573–74, 501 A.2d 764 (1985), cert. denied, 198 Conn. 804, 503 A.2d 1186 (1986).

While the defendant did take an exception to the court's charge on resisting arrest, it was limited as follows: "If your honor please, I'd like an exception to the charge on resisting arrest and there was no justification. Section 53a-23. There's no charge for resisting arrest here. I think that may have a *prejudicial influence because he's charged with disorderly conduct.* He's not charged with resisting arrest. And I think that the instruction on that statute may make the jury feel that, *with respect to the disorderly conduct, the fact that resisting arrest is an issue."* (Emphasis added.) This exception was adequate to indicate to the trial court that the defendant believed that the instruction on resisting arrest might be *prejudicial* in light of the disorderly conduct charge. It was not, however, sufficient to " 'bring to the attention of the court the *precise* mat-

ter' ''; (emphasis in original) *State* v. *Carter,* 198 Conn. 386, 396, 503 A.2d 576 (1986); *Woodruff* v. *Butler,* 75 Conn. 679, 682, 55 A. 167 (1902); which the defendant now asserts as error: that by charging on resisting arrest, the trial court was allowing the jury to consider an uncharged theory for violation of the interfering statute. Because "[t]he exception to the charge was inadequate to alert the trial court to the specific deficiency now claimed on appeal"; *State* v. *Carter,* supra, 396; we decline to review this ground of error.[6]

There is no error.

In this opinion the other judges concurred.

---

[6] Nor does this claim of error merit review under the fundamental rights-fair trial exception of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). "Under the *Evans* bypass rule 'we must first determine whether the charge raises a question of constitutional dimension and, if so, whether the claim has merit. *State* v. *Kurvin,* 186 Conn. 555, 557, 442 A.2d 1327 (1982); *State* v. *Evans,* [supra, 70].' *State* v. *Torrence,* 1 Conn. App. 697, 702, 476 A.2d 598 (1984) (Torrence I), aff'd, 196 Conn. 430, 493 A.2d 865 (1985) (Torrence II). If these two questions are answered affirmatively, we will then review the charge to see if there was error and if so, whether reversal is warranted. *Torrence I,* supra, 702–705." *State* v. *Alston,* 5 Conn. App. 571, 575, 501 A.2d 764 (1985), cert. denied, 198 Conn. 804, 503 A.2d 1186 (1986). Here, the defendant's claim arguably implicates a fundamental constitutional right: his right to notice of the nature of the charges against him. See *State* v. *Franko,* 199 Conn. 481, 490, 508 A.2d 22 (1986) (sixth amendment to the United States constitution and article first, § 8 of the Connecticut constitution guarantee a defendant a right to be specifically informed of the nature of the charges against him). The record, however, does not support a claim that the defendant was deprived of this right. A review of the trial court's charge to the jury discloses that while the court did discuss the legality of the use of force to resist arrest, it repeatedly instructed the jury that the defendant was not charged with resisting arrest. Additionally, the trial court used the statutory language of General Statutes § 53a-167a four times during its charge and each time confined the offense to the struggle over the gun. Under these circumstances, the defendant's claim does not warrant *Evans* review.