### STATE OF CONNECTICUT *v.* GREGORY CRUMPTON (12822)

PETERS, C. J., HEALEY, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued December 2, 1986—decision released February 3, 1987

*Thomas R. Gerarde,* assistant public defender, for the appellant (defendant).

*Harry Weller,* deputy assistant state's attorney, with whom, on the brief, were *Mark Brodsky,* assistant state's attorney, *James G. Clark,* deputy assistant state's attorney, and *Robert Emmett Kiley,* legal intern, for the appellee (state).

ARTHUR H. HEALEY, J. The defendant, Gregory Crumpton, was convicted by a jury of robbery in the third degree in violation of General Statutes § 53a-136.[1] He was sentenced to imprisonment for a total effective sentence of five years, execution suspended after four years. The defendant appeals from the judgment of conviction claiming that the trial court abused its discretion in denying his motion in limine (1) to prevent his impeachment by the use of evidence of a prior robbery conviction, and (2) in the alternative, to allow the conviction to enter into evidence as an unspecified felony conviction.

The jury could reasonably have found the following facts. On December 1, 1984, at approximately 1 a.m., the victim was on her way to visit her brother, Nathaniel Lewis, at his Hartford apartment. As she neared the apartment, a black male grabbed her purse. Because the area was well lit, the victim "got a good look" at the perpetrator. Shortly thereafter, the victim located her brother and described the perpetrator to him. Lewis stated that the description fit a person he knew named Gregory Crumpton, the defendant. Lewis then went to locate the defendant, who lived in the same apartment complex. While in the defendant's building, Lewis discovered some torn papers bearing his sister's name.

---

[1] General Statutes § 53a-136 provides: "ROBBERY IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of robbery in the third degree when he commits robbery.

"(b) Robbery in the third degree is a class D felony."

When Lewis located the defendant, and before Lewis said anything to him, the defendant denied taking the purse. After the police arrived, the victim identified the defendant as the person who had taken her purse. She also identified him at the trial. The purse was recovered on the roof of the defendant's apartment building. Over two hundred dollars reportedly was missing.

According to the victim and Lewis, the defendant denied taking the purse and maintained that he had been home all night. At trial, although the defendant himself did not testify, the defendant's mother and sister testified consistent with this alibi.

## I

The defendant's first claim of error concerns the trial court's denial of his motion in limine, by which he sought to prevent the state from mentioning his prior conviction of robbery in the second degree[2] to impeach his testimony.

Before trial, the defendant filed a written motion in limine requesting that, if he should testify, the court prohibit the state from using, for impeachment purposes, any and all prior felony or misdemeanor convictions.[3]

---

[2] The defendant was convicted of robbery in the second degree in violation of General Statutes § 53a-135 which provides: "ROBBERY IN THE SECOND DEGREE: CLASS C FELONY. (a) A person is guilty of robbery in the second degree when he commits robbery and (1) he is aided by another person actually present; or (2) in the course of the commission of the crime or of immediate flight therefrom he or another participant in the crime displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument.

"(b) Robbery in the second degree is a class C felony."

[3] "MOTION IN LIMINE

"The defendant, Gregory Crumpton, through his attorney, Thomas R. Gerarde, respectfully moves this court to exclude from evidence any and all prior felony or misdemeanor convictions. In support of this motion the defendant states:

"1. The defendant would be prejudiced by the introduction of prior felony or misdemeanor convictions to impeach his credibility as a witness.

At the hearing on the motion, both parties agreed that on December 1, 1983, the defendant had been convicted of robbery in the second degree and that the state intended to impeach the defendant's credibility with this conviction. The defendant argued that the 1983 conviction should be excluded because its prejudicial effect would far outweigh its probative value. The defendant specifically mentioned the potential prejudice because of the similarity of the 1983 crime to the charge for which he was being tried. The state argued that the conviction should be admitted because robbery is a crime involving larceny, and larcenous crimes by their very nature indicate dishonesty. The state argued further that the robbery conviction was highly probative of the defendant's credibility. The state maintained, therefore, that the probative value of the conviction outweighed its prejudicial effect. After hearing oral argument, the court denied the defendant's motion. The defendant properly excepted. At trial, the defendant did not testify and the jury returned a verdict of guilty.[4]

"2. This prejudice far outweighs any relevance the prior convictions may have.

"3. No other grounds exist for the introduction into evidence of the defendant's prior convictions.

"WHEREFORE, the defendant requests this court to grant his motion in limine."

[4] In *Luce* v. *United States,* 469 U.S. 38, 43, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984), the United States Supreme Court ruled that "to raise and preserve for review [a] claim of improper impeachment with a prior conviction, a defendant must testify." In *State* v. *Harrell,* 199 Conn. 255, 265, 506 A.2d 1041 (1986), this court stated that "we will follow the ruling of *Luce* v. *United States,* [supra], prospectively only." The basis for the prospective application of *Luce* is so "that those defendants who have relied on previous decisions of this court that did not require a defendant to testify will not be prejudiced by this rule." *State* v. *Harrell,* supra, 267. In this case, the defendant's trial was held after the decision in *Luce* v. *United States,* but before our decision in *State* v. *Harrell.* The fact that the defendant did not testify at trial does not, therefore, preclude this court from reviewing his claim of error.

As a rule, evidence that a criminal defendant has been convicted of crimes on a prior occasion is not generally admissible. *State* v. *Geyer,* 194 Conn. 1, 5, 480 A.2d 489 (1984); *State* v. *Amaral,* 179 Conn. 239, 244, 425 A.2d 1293 (1979); C. McCormick, Evidence (3d Ed.) § 43. There are, however, several well recognized exceptions to this rule, one of which is that "[a] criminal defendant who has previously been convicted of a crime carrying a term of imprisonment of more than one year may be impeached by the state if his credibility is in issue." *State* v. *Harrell,* 199 Conn. 255, 260, 506 A.2d 1041 (1986); General Statutes § 52-145 (b);[5] *State* v. *Geyer,* supra, 6; *State* v. *Carter,* 189 Conn. 631, 642, 458 A.2d 379 (1983); *State* v. *Hamele,* 188 Conn. 372, 383, 449 A.2d 1020 (1982); *State* v. *Iasevoli,* 188 Conn. 325, 328, 449 A.2d 996 (1982); *State* v. *Nardini,* 187 Conn. 513, 521, 447 A.2d 396 (1982); *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 472, 208 A.2d 341 (1965). In its discretion a "trial court may properly admit evidence of prior convictions provided that the prejudicial effect of such evidence does not 'far outweigh' its probative value. *State* v. *Geyer,* supra, 6–7; *State* v. *Nardini,* supra; *State* v. *Marquez,* [160 Conn. 47, 52, 273 A.2d 689 (1970)]." *State* v. *Braswell,* 194 Conn. 297, 307, 481 A.2d 413 (1984), cert. denied, 469 U.S. 1112, 105 S. Ct. 793, 83 L. Ed. 2d 786 (1985). This court has identified three factors which determine whether a prior conviction may be admitted: "(1) the extent of the prejudice likely to arise; (2) the significance of the commission of the particular crime indicating untruthfulness; and (3) its remoteness in time."

---

[5] General Statutes § 52-145 provides: "CERTAIN WITNESSES NOT DISQUALIFIED. CREDIBILITY. (a) A person shall not be disqualified as a witness in any action because of, (1) his interest in the outcome of the action as a party or otherwise, (2) his disbelief in the existence of a supreme being, or (3) his conviction of crime.

"(b) A person's interest in the outcome of the action or his conviction of crime may be shown for the purpose of affecting his credibility."

*State* v. *Nardini,* supra, 522; *State* v. *Harrell,* supra, 261. " 'A trial court's decision denying a motion to exclude a witness' prior record, offered to attack his credibility, will be upset only if the court abused its discretion.' *State* v. *Binet,* 192 Conn. 618, 623, 473 A.2d 1200 (1984); *State* v. *Braswell,* [supra]; *State* v. *Bitting,* 162 Conn. 1, 10–11, 291 A.2d 240 (1971)." *State* v. *Harrell,* supra. We find no abuse of discretion.

While there is no per se rule prohibiting impeachment of a defendant by proof of a prior conviction of a crime similar to that for which he is being tried; *State* v. *Harrell,* supra; *State* v. *Binet,* supra, 622; "[w]here the prior crime is quite similar to the offense being tried, a high degree of prejudice is created and a strong showing of probative value would be necessary to warrant admissibility." *State* v. *Nardini,* supra; *State* v. *Harrell,* supra; *State* v. *Carter,* supra, 642–43. This court has recognized that crimes involving larcenous intent imply a general disposition toward dishonesty or a tendency to make false statements. *State* v. *Harrell,* supra, 263; *State* v. *Geyer,* supra, 12; *State* v. *Carter,* supra, 643; accord *Gordon* v. *United States,* 383 F.2d 936, 940 (D.C. Cir. 1967), cert. denied, 390 U.S. 1029, 88 S. Ct. 1421, 20 L. Ed. 2d 287 (1968) ("[i]n common human experience acts of deceit, fraud, cheating, or stealing . . . are universally regarded as conduct which reflects on a man's honesty and integrity"). We note that larceny, which is the underlying crime in any robbery, bears directly on the credibility of the witness-defendant. The defendant's robbery conviction, therefore, was highly probative of his truthfulness and veracity.[6] In light of

---

[6] We agree with the Appellate Court's statement that " '[a] prior conviction of robbery with violence is inextricably interwoven with the crime of larceny and implies a lack of veracity. It, therefore, is directly relevant to a determination of the credibility of a defendant-witness.' " *State* v. *DelVecchio,* 7 Conn. App. 217, 220, 508 A.2d 460 (1986), quoting *State* v.

the fact that the prior conviction was relatively recent,[7] the likely prejudice arising out of the similarity of the prior conviction to the crime charged did not outweigh the probative value of the evidence. Moreover, the state sought to impeach the defendant with a single prior conviction. A single prior conviction, introduced to impeach a defendant's credibility, is inherently much less prejudicial to the defendant than the introduction of multiple convictions which may create pressure on jurors to believe that "if he did it before he probably did so this time." See *State* v. *Carter*, supra, 644. "The trial court, because of its intimate familiarity with the case, is in the best position to weigh the relative merits and dangers of any proffered evidence. *State* v. *Carter*, supra, 642; *State* v. *Bitting*, supra [10]." *State* v. *Geyer*, supra, 13. The defendant's conclusory claim of prejudice, together with the inadequate record he made to support his burden, does not avail him on this claim. The trial court did not abuse its discretion in ruling that the defendant's prior conviction of robbery in the second degree could be admitted to impeach his credibility.

The defendant also argues that the trial court erred because in denying his motion in limine, it applied the incorrect law. The defendant contends that a review of the transcript reveals that the court may have denied the defendant's motion because the prior conviction was relevant to establishing a "common scheme," rather than because its probative value outweighed its prejudicial effect. Assuming without deciding that the court would have been in error had it admitted the prior conviction as evidence of a "common scheme," we disagree with the defendant's argument that the court applied

*Kuritz,* 3 Conn. App. 459, 461, 489 A.2d 1053 (1985); *State* v. *Jackson,* 3 Conn. App. 132, 135 n.2, 485 A.2d 934 (1985).

[7] At the time of trial, the prior conviction of robbery in the second degree was less than fourteen months old. In his brief, the defendant does not claim that the conviction was remote and therefore less probative than a more recent conviction.

the incorrect law. In support of his argument that the court did not apply the balancing test enunciated by this court in *Nardini,* the defendant points to the trial record and argues that it fails to support a finding that the court applied the *Nardini* test. We are unpersuaded.

Although the record in this case does not conclusively reveal the basis of the trial court's decision, the record does show that the appropriate considerations were before the court. The sole basis of the defendant's motion in limine was that the defendant would be prejudiced by the introduction of the robbery conviction and that this prejudice would far outweigh any relevance the prior conviction might have. At the hearing on the motion, both parties specifically argued the *Nardini* factors. Defense counsel himself said at that time: "As your Honor knows, the standard of review for excluding this conviction should be whether or not its probative value on the issue of my client's credibility outweighs or is outweighed by its prejudicial tendency." He also argued that the "seminal decision in this area is the case of *State* v. *Nardini* . . . ." Moreover, the state did not argue that other grounds existed for the introduction into evidence of the prior conviction. From this, it is fair to assume that the trial court reflected on the appropriate factors; see *Brookfield* v. *Candlewood Shores Estates, Inc.,* 201 Conn. 1, 6, 513 A.2d 1218 (1986); and found that the probative value of the conviction outweighed its prejudicial effect. We do not presume error; the trial court's ruling is entitled to the reasonable presumption that it is correct unless the party challenging the ruling has satisfied its burden demonstrating the contrary. See id., 7.

The defendant has an obligation to supply this court with a record adequate to review his claim of error. See *State* v. *One 1977 Buick Automobile,* 196 Conn. 471, 480, 493 A.2d 874 (1985). "It is important to recog-

nize that a claim of error cannot be predicated on an assumption that the trial court acted erroneously." Id. If the defendant thought the court was ruling on his motion on some ground other than that advocated by the parties, and alleged in his motion, he could have requested the trial court to articulate its decision. Without such a record and considering the fact that neither party argued a standard other than *Nardini,* it would be sheer speculation for this court to assume that the trial court applied the incorrect legal standard. The record is clear that the court was aware of the claims of the parties and of the fact that it had to evaluate the prejudicial tendency of the conviction against its probative value. Absent a clear indication that the court did not apply this standard, we conclude that the trial court applied the correct legal standard.[8]

## II

The defendant's second claim of error is that the trial court erred in denying his motion to admit the prior conviction into evidence as an unspecified felony conviction. Following the court's decision denying the defendant's motion in limine, the defendant moved orally that the state be precluded from making specific mention of the robbery conviction. The defendant requested that the conviction be entered into evidence as an unspecified felony conviction. The court denied the motion and the defendant excepted.

The defendant argues that because a robbery charge has both an aspect of larceny, which bears on credibility, and an aspect of violence, which is not as probative of credibility, the prior conviction should have been entered as an unspecified felony. *State* v. *Geyer,* supra, 16. In *State* v. *Geyer,* supra, this court suggested that

---

[8] The facts of this case are unlike the facts of *State* v. *Martin,* 201 Conn. 74, 513 A.2d 116 (1986). In *Martin,* the record clearly indicated that the trial court had applied the incorrect legal standard.

where a prior conviction does not directly reflect on credibility, it should enter into evidence as an unspecified felony conviction. We decline to extend the holding of *State* v. *Geyer* to the facts of this case. As the defendant concedes in his brief, and as the state argued at the trial, the suggestion made by this court in *Geyer* does not apply to prior convictions which relate to credibility.[9] *State* v. *Geyer* involved the introduction of prior narcotics convictions. Those convictions had no direct bearing on the credibility of the defendant but were residual crimes that reflected on the defendant's bad character. Id., 14–16. In this case, the defendant's prior robbery conviction related directly to his credibility. The trial court's decision denying the defendant's oral motion to enter the prior conviction of robbery in the second degree as an unspecified felony was well within its discretion.

There is no error.

In this opinion the other justices concurred.

---

[9] In *State* v. *Geyer,* 194 Conn. 1, 16, 480 A.2d 489 (1984), we said: "We note, however, that the prudent course for a trial court faced with a decision whether to admit as evidence of credibility prior convictions for crimes *that do not directly reflect on credibility* is to allow the state to mention that the defendant was convicted of an unspecified crime or crimes carrying a penalty of more than one year, at a certain time and place. The defendant's character, from which the jury might draw an inference of dishonesty, would thus be sufficiently impugned without the extraordinary prejudice that sometimes follows when the prior crime is specifically named." (Emphasis added.)