State of Connecticut *v.* Thomas Cascone
(4589)

Borden, Spallone and Bieluch, Js.

Argued February 6—decision released March 10, 1987

*Albert G. Murphy,* for the appellant (defendant).

*James G. Clark,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. This case is the aftermath of *State* v. *Cascone,* 195 Conn. 183, 487 A.2d 186 (1985), in which the Supreme Court found error in the defendant's convictions for robbery and conspiracy. Upon a retrial, the defendant was again convicted on both charges. The defendant appealed. We find no error.

The defendant's first claim challenges a ruling of the trial court denying his motion in limine, and admitting evidence of certain prior misconduct by him which was highly probative of his intent in this case. The defendant's claim is that, because the trial court in making its ruling did not specifically refer to the prejudicial effect of the evidence admitted, it must not have weighed that effect against the relevance of the evidence. The defendant's motion in limine was exclusively based on the claim that the prejudicial effect of the evidence outweighed its relevance. Simply because the court did not specifically refer to that prejudice in its oral ruling, however, is no ground to assume that it disregarded it. In the absence of an indication in the record to the contrary, it must be assumed that a trial court acted properly, and a claim of error cannot be based on an assumption of impropriety. *State* v. *One 1977 Buick Automobile,* 196 Conn. 471, 480–81, 493

A.2d 874 (1985); *State* v. *Milledge,* 8 Conn. App. 119, 124, 511 A.2d 366 (1986). Furthermore, the court was clearly correct in determining that the highly probative evidence outweighed any prejudicial effect it may have had.

The defendant's second claim is that the trial court, in its charge to the jury, erred in limiting to impeachment purposes evidence of a prior oral inconsistent statement of the state's chief witness, testified to by the former attorney for the witness. The defendant has not supplied us with any legal authority supporting his claim. *Gill* v. *Petrazzuoli Bros., Inc.,* 10 Conn. App. 22, 29, 521 A.2d 212 (1987). Nor has he included in his brief a verbatim statement of the challenged portion of the charge or his exception. Practice Book § 4065 (d) (2), (formerly § 3060F [d] [2]). Thus, he has not demonstrated that he presented his claim to the trial court with sufficient clarity; see *State* v. *Cook,* 8 Conn. App. 153, 156–7, 510 A.2d 1383 (1986); and we therefore decline to review it. *State* v. *Waterman,* 7 Conn. App. 326, 353, 509 A.2d 518, cert. denied, 200 Conn. 807, 512 A.2d 231 (1986).[1]

There is no error.

---

[1] To ensure that no injustice has been done, we have conducted a limited review of the defendant's claim and conclude that it does not fall within the recently changed rule of *State* v. *Whelan,* 200 Conn. 743, 753–54, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 1598 (1986). In *Whelan,* our Supreme Court held that prior *written* inconsistent statements of a witness *signed* by a declarant, who has personal knowledge of the facts stated, and who testifies and is subject to cross-examination, are admissible as substantive evidence. Id., 753–54. Prior oral statements are specifically exempted from the rule; id., 753, and remain admissible only for impeachment purposes.