## STATE OF CONNECTICUT *v.* JAMES H. THOMAS, JR.
### (6054)

BORDEN, SPALLONE and FOTI, Js.

Argued April 6—decision released July 19, 1988

A. *Paul Spinella,* with whom, on the brief, was *Lana M. Glovach,* for the appellant (defendant).

*Mitchell S. Brody,* deputy assistant state's attorney, with whom, on the brief, was *Kevin P. McMahon,* assistant state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134, larceny in the fifth degree in violation of General Statutes § 53a-125a and larceny in the sixth degree in violation of General Statutes § 53a-125b. The defendant claims on appeal that the court erred (1) in denying his motion for a continuance, (2) in its charge to the jury, and (3) in admitting into evidence the defendant's prior convictions. We find no error.

From the evidence presented, the jury could reasonably have found the following facts. On December 14, 1985, in a Stop & Shop supermarket in West Hartford, the defendant was under observation by a store detective, Terell Carey, for approximately ten minutes. The surveillance was terminated, and approximately three minutes later Carey saw the defendant approach the check-out counter with a cart containing groceries and a beige pocketbook. It was later determined that this pocketbook belonged to Sadie Drazen who was shopping in the store at the time. As the defendant approached the check-out counter, he abandoned the cart of groceries, took hold of the straps of the beige pocketbook, and left the store. The defendant entered a green automobile that was illegally parked in front of the store. There was a black male, Paza McKenzie, seated in the car. Carey followed the defendant out of the store and upon approaching the car observed the beige pocketbook on the floor of the car. He asked several questions about the ownership of the beige pocketbook, to which the defendant replied that it belonged

to his wife. At this time, an unidentified female exited the Stop & Shop store and approached the automobile. Carey asked her to prove that she owned the beige pocketbook; her response was limited to examining the contents of the pocketbook. Carey then saw the defendant push a black pocketbook under the front seat of the car. The defendant refused to accompany Carey back into the store. Carey reached into the car and pulled out the black pocketbook. The defendant grabbed the straps of the black pocketbook and they broke off in his hands. He then pulled a knife from his pocket as he stepped out of the green car. At this time, the manager of the supermarket approached the automobile. Carey dropped the black pocketbook near the left rear wheel of the car, subdued the defendant and led him back into the store. In the store, the defendant began to struggle; he was disarmed and handcuffed by an off duty police officer, and placed under arrest by another officer who had arrived on the scene. Carey then returned to the green car and retrieved the black pocketbook, which was found to contain various credit cards and a checkbook belonging to a woman who had reported that these items had been stolen from her place of business three days earlier.

The store manager retrieved the beige pocketbook from under the green car and showed it to Drazen, who identified it as the pocketbook which had been removed from her shopping cart in the store. The pocketbook contained over $100 in cash and $200 in traveler's checks.

I

The defendant's first claim is that the trial court erred in refusing to grant his motion for a one week continuance. In particular, the defendant claims that the court erred in refusing to grant his motion for a continuance because he was ordered to trial forty-eight hours after

he filed a pro se motion for a speedy trial, thereby deny-
ing him an opportunity properly to prepare his defense.[1]
The facts pertaining to this claim are not in dispute.
The state filed its original information on January 7, 1986,
and, on January 17, 1986, the defendant filed a motion,
pro se, for a speedy trial. The court, *Barall, J.,* granted
that motion on February 13, 1986, and denied defense
counsel's oral request for a continuance. A substitute
information was filed on February 14, 1986, and a sec-
ond substitute information with a bill of particulars was
filed on February 20, 1986. On that same date, Febru-
ary 20, 1986, defense counsel filed his motion for a con-
tinuance which was heard by the court, *Barall, J.*
Defense counsel maintained that he was not prepared
for trial and that he had just received the bill of partic-
ulars and substitute information that morning, which
alleged five new offenses. He also represented that he
had been involved in two trials and had been unable
to investigate the case adequately, to prepare motions
to suppress and dismiss, or to interview witnesses. The
court denied the request for a one week continuance,
determining that defense counsel had adequate time
to investigate the case because the bill of particulars
tracked information in a police report which had been
made available to the defendant earlier. The court
ordered the trial to commence immediately after the
close of the hearing in order to hear the testimony of
a state's witness, the owner of the stolen beige pock-
etbook, who would otherwise have been unavailable to
testify. The court also told defense counsel that if addi-
tional time was required for preparation of the case,

---

[1] This claim of error also raises issues of ineffective assistance of coun-
sel. Our Supreme Court has repeatedly held that such claims are properly
pursued in a petition for a new trial or a writ of habeas corpus. *State* v.
*Leecan,* 198 Conn. 517, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S.
Ct. 2922, 91 L. Ed. 2d 550 (1986); *State* v. *Stanley,* 197 Conn. 309, 313,
497 A.2d 46 (1985). We, therefore, limit our review to the defendant's claim
that the court abused its discretion in denying his motion for a continuance.

he could raise the issue with the judge who would be presiding at the trial. Shortly thereafter, that same day, defense counsel appeared before the trial court, *Vasington, J.,* and apprised the judge that his motion for a continuance had been denied by Judge Barall and that he was unprepared to go to trial. He stated that he had no objection to the state's witness, Drazen, being examined "so that she need not make a second trip to this court." At this time, the defendant did not expressly move for a continuance but limited his remarks to recounting the events which had transpired earlier that day before Judge Barall.

We begin by noting that, although the court denied the defendant's motion for a continuance, there were two substantial recesses in the courtroom proceedings, one from February 20, 1986, until February 24, 1986, and the second from February 27, 1986, until March 3, 1986. In fact, the only witness who gave testimony on February 20, 1986, was Drazen, whom the defendant agreed to have testify that day even if the continuance were granted. Thus, the sole issue presented by this claim of error is whether requiring the defendant to defend against the state's case on Monday, February 24, 1986, rather than on Thursday, February 27, 1986, caused sufficient prejudice, if any, to constitute reversible error. We find that it did not.

" 'A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion. . . . ' *Vossbrinck* v. *Vossbrinck,* 194 Conn. 229, 232, 478 A.2d 1011 (1984), cert. denied, 471 U.S. 1020, 105 S. Ct. 2048, 85 L. Ed. 2d 311 (1985). Traditionally, whether to grant or deny a continuance is within the sound discretion of the court; *State* v. *Olds,* 171 Conn. 395, 402, 370 A.2d 969 (1976); however, discretion should be exercised so as to accomplish the ends of substantial justice. *State* v. *Battle,* 170 Conn. 469,

476, 365 A.2d 1100 (1976)." (Citation omitted.) *Atkins v. Atkins,* 13 Conn. App. 114, 117, 534 A.2d 909 (1987). Further, a presumption exists that the trial court exercised that discretion properly. *State v. McKnight,* 191 Conn. 564, 577, 469 A.2d 397 (1983); *State v. Jeustiniano,* 172 Conn. 275, 285, 374 A.2d 209 (1977). It is the defendant's burden to show that the denial of his request for a continuance was an abuse of discretion or so arbitrary that it violated his right to due process, in that the denial prejudiced his ability to defend himself. *State v. Aillon,* 202 Conn. 385, 394, 521 A.2d 555 (1987).

The defendant conceded, during oral argument in this court, that the record is devoid of any evidence supporting his claim that he was prejudiced by the court's ruling on his motion for a one week continuance. In fact, the record establishes that neither direct nor cross-examination was hampered by the court's ruling, that the defendant was able to call McKenzie, the driver of the vehicle, and that he also called a former Stop & Shop employee. Finally, the defendant stipulated that he could not, despite his best efforts, locate the unidentified female who the defendant claimed owned the beige purse.

The defendant, therefore, has not demonstrated any specific prejudice arising from the court's denial of his motion for a one week continuance; *State v. Marra,* 195 Conn. 421, 437–38, 489 A.2d 350 (1985); nor has he established that he suffered substantial prejudice, generally, as a consequence of the court's ruling. See *State v. Fraenza,* 9 Conn. App. 228, 234, 518 A.2d 649 (1987). We conclude that the court did not abuse its discretion in refusing to grant the defendant's motion for a continuance.

## II

The defendant's second claim is that the court's instructions failed to differentiate adequately between

the black purse, which was on the floor of the vehicle, and the beige purse, which was the object of the robbery.[2] The defendant contends that he had an interest in the black purse which was superior to that of the Stop & Shop security guard, and that even if he used a knife to defend that interest it could not constitute robbery. Although we agree that, if the defendant's use of force or threatened use of force was used to retain possession of the black purse, the jury could not have convicted him of robbery, we do not agree that the court failed to differentiate adequately between the two purses.

The court's instruction to the jury on the charge of robbery explained, on at least six separate occasions, that if they found that the defendant had used force or had threatened the use of force, they must find that the force was used to retain possession of the *beige* pocketbook in order to convict the defendant of robbery. "The issue is whether the charge, read as a whole, presents the case to the jury so that an injustice will result." *State* v. *Arroyo,* 13 Conn. App. 687, 696, 539 A.2d 581 (1988). The court's instruction on the charge of robbery was more than adequate to ensure that the jury considered the element of the use of force or the threatened use of force with regard to the beige pocketbook rather than the black pocketbook.

### III

The defendant next claims that the trial court abused its discretion in allowing into evidence, for impeachment purposes, the defendant's prior convictions for

[2] Although the defendant failed to comply with our rules of practice in not providing a verbatim statement of all relevant portions of the charge; Practice Book § 4065 (d) (2); the state has provided this court with relevant portions of that charge. We, therefore, conduct this limited review to ensure that no injustice has been done. See *State* v. *Cascone,* 10 Conn. App. 163, 165 n.1, 521 A.2d 1067, cert. denied, 203 Conn. 808, 525 A.2d 522 (1987).

larceny and burglary. The defendant claims that the prejudicial effect of admitting these convictions outweighed their probative value.

The trial court denied the defendant's motion to suppress evidence of his prior conviction for larceny in the second degree in 1978, and three convictions for burglary in the third degree, one in 1978 and two in 1979. After the defendant testified, these convictions were admitted into evidence for the limited purpose of impeaching his credibility.

"Evidence that a criminal defendant has been convicted of crimes on prior occasions generally is not admissible." *State* v. *Geyer,* 194 Conn. 1, 5, 480 A.2d 489 (1984). Evidence of prior convictions is admissible, however, if the defendant has been convicted of a crime carrying a term of imprisonment of more than one year and the prior convictions are admitted for the purpose of impeaching his credibility if it is in issue. *State* v. *Crumpton,* 202 Conn. 224, 228, 520 A.2d 226 (1987); *State* v. *Harrell,* 199 Conn. 255, 260, 560 A.2d 1041 (1986). In determining whether prior convictions may be admitted, the court must also consider three factors: "(1) the extent of the prejudice likely to arise; (2) the significance of the commission of the particular crime in indicating untruthfulness; and (3) its remoteness in time." *State* v. *Nardini,* 187 Conn. 513, 522, 447 A.2d 396 (1982).

The defendant concedes that his prior convictions bear directly on his credibility and that it was within the court's discretion to admit these convictions for the purposes of impeaching his credibility after he had testified in his own defense. The defendant contends, however, that the prior convictions were so similar to the crimes for which he was being tried that the admission of these convictions caused undue prejudice, thus violating the first prong of the test articulated by *State* v. *Nardini,* supra. We disagree.

In reviewing a claim that the trial court erred in admitting prior convictions of the defendant, great deference is given to the trial court. "The trial court, because of its intimate familiarity with the case, is in the best position to weigh the relative merits and dangers of any proffered evidence." *State* v. *Geyer,* supra, 13. Where, as here, the prior convictions bear directly on the veracity of the defendant-witness, the " 'trial court's decision denying a motion to exclude [the] witness' prior record, offered to attack his credibility, will be upset only if the court abused its discretion.' " *State* v. *Binet,* 192 Conn. 618, 623, 473 A.2d 1200 (1984), quoted in *State* v. *Crumpton,* supra, 229.

In this case, the defendant has provided no basis for concluding that the admission of his prior convictions was prejudicial. To the contrary, the court's limiting instruction was more than adequate to dispel any prejudicial effect caused by the similarity of the prior convictions to the crimes for which the defendant was standing trial. There was no abuse of discretion in the court's decision to deny the defendant's motion to exclude his prior criminal record.

There is no error.

In this opinion the other judges concurred.