JOSEPHINE GIGLIO *v.* HAMILTON HEIGHTS, INC.
(2284)

DANNEHY, C.P.J., TESTO and BORDEN, Js.

Argued October 14, 1983—decision released January 10, 1984

*Robert M. Elliot,* with whom, on the brief, was *Robert L. Chase,* for the appellant (defendant).

*Joseph A. Mengacci,* for the appellee (plaintiff).

TESTO, J. The defendant appeals from a judgment for the plaintiff following a jury verdict rendered in favor of the plaintiff.[1] The verdict was as follows: $12,500 for the plaintiff less $2500 under comparative negligence attributable to the plaintiff's contributory negligence, leaving a net award to the plaintiff of $10,000. The defendant filed a motion to set aside the verdict which the trial court denied.

The plaintiff was a tenant of the defendant-landlord under an oral month to month lease. The plaintiff claimed that she injured herself when she fell off a ladder which she had mounted outside of her apartment in an attempt to open a window which was stuck closed as a result of the painting of the exterior of the apartment building by the defendant's agent. She further claimed that she had notified the defendant of this condition and that the condition had not been corrected. Additionally, the plaintiff claimed a violation of the Waterbury city code, chapter 9, article II, § 9-16, which provides: "Every window, exterior door and basement hatchway shall be reasonably weather-tight, water-tight and rodent-proof; and shall be kept in sound working condition and good repair." The defendant filed a special defense of contributory negligence, alleging that the plaintiff mounted an insecure ladder for the purpose of attempting to open the window, and that she pushed herself off the ladder.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

The defendant claims that the trial court erred in its instructions to the jury in the following manner: (1) in view of all the evidence presented at trial, the court did not charge correctly relative to the issue of the plaintiff's mounting an insecure ladder; (2) the court refused to charge the jury, as requested by the defendant, regarding the landlord's responsibility for repairs to a tenement; and (3) the court incorrectly instructed the jury that if it found that the window was sealed shut, then it could find that the defendant was guilty of negligence as a matter of law because this would be a violation of the Waterbury city code, chapter 9, article II, § 9-16.

In determining whether the trial court erred in its charge to the jury, the charge must be read as a whole and the instructions claimed to be in error read in that context. *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 704, 462 A.2d 376 (1983); *Affinito* v. *Daniels,* 179 Conn. 388, 390, 426 A.2d 782 (1979). The test of a court charge is whether it fairly presents the case to the jury in such a way that injustice is not done to either party under well established principles of law. *Matthews* v. *F.M.C. Corporation,* supra.

The defendant cannot claim prejudice by the instruction the court gave on the contributory negligence of the plaintiff. At the conclusion of the jury charge, the defendant stated an objection to the instructions on the insecurity of the ladder: "I want to note that objection and exception and I disagree with the description." The exception taken does not comply with the requirements of Practice Book § 315 that "[c]ounsel taking the exception *shall state distinctly* the matter objected to and *the ground of the objection.*" (Emphasis added.) The purpose for this rule is to alert the trial court so that it can "cure any defects or ambiguities in the charge." *Thomas* v. *Katz,* 171 Conn. 412, 414, 370 A.2d 978

(1976). Since the defendant failed to specify the grounds for its exception, we are not bound to consider this claim of error.

The defendant requested the trial court to instruct the jury on the issue of control in accordance with its requests.[2] The trial court refused to do this ostensibly because both requests centered on the issue of "control." This issue apparently was taken from the consideration of the jury since the defendant admitted ownership and control in its answer.[3] This is a judicial

---

[2] The defendant's requests to charge were as follows: "7. The circumstances of the particular case determine whether the lessor has reserved control of the premises or whether they were under the exclusive dominion of the tenant, and it becomes a question of fact and is a matter of intention in the light of all the significant and attendant facts which bear on the issue. Responsibility for the proper care over portions of the premises within the leased area may rest with the lessor if, with the acquiescence of the lessee, he retains control, and an agreement between the parties as to the landlord's right to inspect the premises together with his exclusive right to make repairs therein and the tenant's total abstention from making any repairs would be the equivalent of retention of control of the leased premises. In other words, if you find retention to control by the lessor (landlord) with the acquiescence of the lessee (tenant) an agreement between the parties as the landlord's right to inspect the premises and an agreement giving the landlord the exclusive right to make repairs, and if you further find that the tenant totally abstained from making any repairs, you may if you have found the landlord was negligent and that that negligence was the proximate cause of the plaintiff's injuries, find for the plaintiff. However, if you find that the tenant did not totally abstain from making repairs, or no acquiescence by the tenant as to retention of control by the landlord, and retention of control by the landlord, or no agreement between the parties as to the landlord's right to inspect or the retention by the landlord of an exclusive right to make repairs, you must find for the defendant.

"8. As a general rule, the landlord is under no implied obligation or liability to the tenant for personal injuries due to the defective condition of the demised premises or the lack of repair of defects therein where the landlord has not made any warranty or contract relative to the condition of the demised premises or the repair of defects."

We note, moreover, that request number 7 did not comply with the requirement that a request to charge contain "a single proposition of law clearly and concisely stated." Practice Book § 318.

[3] The defendant admitted that "on and prior to October 22, 1976, the defendant . . . owned and controlled an apartment complex known as Washington Park Apartments in said Waterbury."

admission by the defendant and is binding upon it. *Griffin* v. *Nationwide Moving & Storage Co.,* 187 Conn. 405, 407–408 n.1, 446 A.2d 799 (1982). We hold that the trial court did not err in refusing to give the requested instructions.

On the trial court's instruction regarding the city code violation, the defendant failed to file any request to charge or take any exception to the charge as delivered. Under Practice Book § 315, this court "shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered." *Thomas* v. *Katz,* supra, 413–14.

Under these circumstances, we find that the trial court did not err in denying the defendant's motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.