STATE OF CONNECTICUT *v.* STEVE TAXILTARIDIS
(2709)

DUPONT, BORDEN and SPALLONE, Js.

Argued June 5—decision released September 18, 1984

*Ira B. Charmoy,* with whom, on the brief, was *James Nugent,* for the appellant (defendant).

*C. Robert Satti,* assistant state's attorney, with whom was *Joseph Marcello,* assistant state's attorney, for the appellee (state).

PER CURIAM. The jury found the defendant guilty of assault in the second degree in violation of General Statutes § 53a-60a, of threatening in violation of General Statutes § 53a-62, and of reckless endangerment in the first degree in violation of General Statutes § 53a-63. From the judgment rendered on the verdict, he has appealed, claiming error in the charge to the jury on the defense of the use of justifiable force and in the trial court's comments on the evidence. The defendant also claims error in the denial of his motion for a view of the premises.[1]

Despite conflicting testimony, the jury might reasonably have found the following facts: The victim, a former employee of a diner owned by the defendant, loaned the defendant $2000. Sometime thereafter, a

[1] The defendant's preliminary statement of issues raises eight claims of error; however, at oral argument the defendant's counsel withdrew all but the three claims considered by this court.

dispute arose over the repayment of the loan. The dispute intensified over a period of eighteen months, culminating in the defendant's summoning of the victim to the diner for a meeting. An altercation arose and in the course of an ensuing physical encounter between the two in the office of the diner, the defendant pointed a gun at the victim, placed the gun in his mouth, and struck him with a fist and with the gun, and threatened to kill him. During the confusion, the gun was discharged and a bullet lodged in the office ceiling. Although the victim received bruises and scratches, there were no other injuries.

The defendant's first and second claims of error arise from the trial court's instructions to the jury. The transcript discloses that after the court delivered its charge, the defendant took exception on several grounds including the court's failure to charge on the justifiable use of physical force pursuant to General Statutes §§ 53a-20 and 53a-21 and the court's comments on the evidence. The court reconvened the jury and gave a supplemental charge. The defendant neither reasserted his objection to the initial charge nor objected to the supplemental charge as insufficient to cure the errors initially claimed. The defendant's attorney contends that he began to except to the supplemental charge but was cut off in mid-sentence by the trial court. Our review of the transcript reveals that this "exception" did not comply with our rules of practice. Practice Book § 315 states that " '[c]ounsel taking the exception *shall state distinctly* the matter objected to and *the ground of the objection.*' " (Emphasis added.) *Giglio* v. *Hamilton Heights, Inc.,* 1 Conn. App. 165, 167, 469 A.2d 416 (1984). "The purpose of requiring an attorney to except is not merely formal. An exception serves the important function of alerting the trial court to error while there is time to correct it without ordering a retrial. . . . [T]he defendant's failure to except to the supple-

mentary charge is not a mechanical barrier to review. Rather, when viewed in the context of defense counsel's participation in fashioning the supplementary charge, the failure to except supports the trial court's conclusion that the defendant accepted the supplemented charge as correct." *State* v. *Jones,* 193 Conn. 70, 88–89, 475 A.2d 1087 (1984).

The court "shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or an exception has been taken immediately after the charge is delivered by the party appealing." Practice Book § 854; see also Practice Book §§ 3060F (c) (1) and (2); 3063. Because claims not distinctly raised at trial are considered waived; *State* v. *Miller,* 186 Conn. 654, 658, 443 A.2d 906 (1982); *State* v. *Evans,* 165 Conn. 61, 65–66, 327 A.2d 576 (1973); such claims will be reviewed on appeal "[o]nly in most exceptional circumstances." *State* v. *Evans,* supra, 69; *State* v. *Fullwood,* 193 Conn. 238, 259, 476 A.2d 550 (1984); *State* v. *Gooch,* 186 Conn. 17, 18, 438 A.2d 867 (1982); see *State* v. *Packard,* 184 Conn. 258, 281, 439 A.2d 983 (1981). Claims of error not brought to the attention of the trial court will be reviewed only if either a new constitutional right not readily foreseeable has arisen between the time of trial and appeal or if the record adequately supports a claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial. *State* v. *Evans,* supra, 70. The defendant argues that the second exceptional circumstance exists as to both claims of error in the present case.

He contends that the charge on §§ 53a-20 and 53a-21 was contradictory and misleading and so confused the jury as to deprive him of his constitutional right to a fair trial. The court's instruction as to § 53a-20 closely followed the language of that statute: "A person in possession or control of premises is 'justified' in using 'rea-

sonable' physical force upon another person when, and to the extent that he 'reasonably' believes it is necessary to prevent or terminate a commission or attempted commission of a criminal trespass by such other person in or upon the premises." The court also tracked the statutory language when it charged on § 53a-21: "A person is 'justified' in using 'reasonable' physical force upon another when and to the extent he reasonably believes it necessary to prevent an attempt by such other person to commit criminal mischief involving property." The court further stated that "if you believe that [the victim] meant to do anything to damage the property or if you think that he intended to steal anything, commit a larceny, and that's covered by that section that I was just reading to you, then Mr. Taxiltaridis would have, depending on the circumstances, whether it was 'reasonable' and so forth, as you find. It [sic] might have the defense of 'justification' available to him. I would emphasize to you again, that in all of these matters concerning 'justification,' self-defense, defense of the person, the property or premises, the word is 'reasonable.' "

In considering a charge, critical dissection is not required. The charge as a whole must be considered from the standpoint of its effect on the jury in guiding them to a proper verdict. *State* v. *Reid,* 193 Conn. 646, 660, 480 A.2d 463 (1984). In this case, we find that the court's instructions, taken as a whole, fairly and adequately presented the case in such a way that injustice was not done to either party under the established rules of law. See *State* v. *Harden,* 175 Conn. 315, 322, 398 A.2d 1169 (1978). The defendant's claim under *State* v. *Evans,* supra, is consequently without foundation. "The *Evans* rule is designed to protect fundamental constitutional rights. It deals with substance, not labels. Putting a constitutional tag on a nonconstitutional claim will no more change its essential character than call-

ing a bull a cow will change its gender. If a word to the wise will do it, then suffice it to observe that the *Evans* trial court bypass to this court is a narrow constitutional path and not the appellate Champs-Elysees." *State* v. *Gooch,* supra.

The defendant's second claim of error is that in its charge the trial court commented only on evidence unfavorable to the defendant and failed to comment on evidence unfavorable to the state. As with his objection to the charge on the law, the defendant argues that the court deprived him of his constitutional right to a fair trial. After the defendant excepted to the court's initial charge, the court reconvened the jury and admonished them to "apply the law as I have given it to you to the facts that you find. That is your job, to find the facts. And again, if I have omitted anything . . . you are the ones who will supply the omission and correct the error." Again, the defendant, thereafter, neither reasserted his objection to the initial charge nor objected to the supplemental charge.

The *Evans* bypass, which would allow us to consider the merits of the defendant's argument where the record adequately supports a claim that a litigant has clearly been deprived of a fundamental right and a fair trial, does not apply to this claim. We have examined the record and find that the court's review of the evidence was not so unbalanced as to cause such deprivation.

While a trial court is not licensed to engage in an " 'argumentative presentation of the claims of one side' "; *Bruneau* v. *Quick,* 187 Conn. 617, 628, 447 A.2d 742 (1982); the remarks to which the defendant has called our attention do not rise to that level. We find that any misstatements were not significant and were presumptively cured by the court's admonition that it

was the jury's job to find the facts and supply any omission or correct any error in its charge. *State* v. *Reid,* supra, 664.

The defendant's final claim of error is that the court abused its discretion in denying his motion to allow the jury to view the premises. The apparent purpose of this motion was to test the credibility of the witnesses. A view of the premises will be allowed if the view is " 'necessary or important in order to obtain a clearer understanding of the issues and to apply the evidence properly.' " (Citations omitted.) *O'Connor* v. *Dory Corporation,* 174 Conn. 65, 71, 381 A.2d 559 (1977). This decision rests within the sound discretion of the trial court. Id., 72. In this case, the court found that the diagram to which the defendant had access, in conjunction with the testimony, was sufficient to provide the jurors with a clear picture of the premises. There was nothing in the circumstances surrounding the court's denial of the motion to indicate an abuse of discretion. *LaVoie* v. *Marshall,* 141 Conn. 681, 687, 109 A.2d 508 (1954).

There is no error.