STATE OF CONNECTICUT *v.* LEROY HILLIARD
(2702)

DUPONT, C.P.J., SPALLONE and DALY, Js.

Argued December 11, 1984—decision released March 5, 1985

*Robert Johnson,* with whom was *Joette Katz,* public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

SPALLONE, J. The defendant was charged with two counts of selling methadone in violation of General Statutes (Rev. to 1979) § 19-480 (a) and with one count of selling marihuana in violation of General Statutes (Rev. to 1979) § 19-480 (b).[1] After a jury trial, the defendant was found guilty as charged and the trial court rendered judgment in accordance with the verdict. On appeal,[2] the defendant claims that the conviction should be overturned because the trial court erred in instructing the jury on the essential elements of the crimes with which he was charged.

In its charge, the trial court instructed the jury on the elements of the crime of selling a controlled substance. The court, however, also instructed as to the crime of possession of a controlled substance with intent to sell. The parties do not dispute that the charge was misleading, and both sides joined in pointing out that the instruction encompassed possession with intent

---

[1] General Statutes (Rev. to 1979) § 19-480 provides in part: "(a) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance, other than marihuana, or a narcotic substance except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than three thousand dollars or be both fined and imprisoned and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than five thousand dollars, or be both fined and imprisoned.

"(b) Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with intent to sell or dispense, possesses with intent to sell or dispense, offers, gives or administers to another person any controlled substance, except a hallucinogenic substance other than marihuana, or a narcotic substance except as authorized in this chapter, may, for the first offense, be fined not more than one thousand dollars or be imprisoned not more than seven years or be both fined and imprisoned; and, for each subsequent offense, may be fined not more than five thousand dollars or be imprisoned not more than fifteen years, or be both fined and imprisoned."

General Statutes § 19-480 was transferred to § 21a-277 in 1983.

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

to sell when, in fact, the defendant had not been charged with that offense. In response, the court reconvened the jury and acknowledged that it may have confused them. The court then emphasized that the defendant was charged with "selling a controlled substance" and called the jury's attention to the definition of "sale" which was included in its initial charge.[3] The defendant did not reassert his exception to the original charge or object to the supplemental charge as insufficient to cure the initial error.

Requiring counsel to except "serves the important function of alerting the trial court to error while there is time to correct it without ordering a retrial. . . . [W]hen viewed in the context of defense counsel's participation in fashioning the supplementary charge, the failure to except supports the trial court's conclusion that the defendant accepted the supplemented charge as correct." *State* v. *Jones,* 193 Conn. 70, 88–89, 475 A.2d 1087 (1984); *State* v. *Taxiltaridis,* 2 Conn. App. 617, 618–19, 481 A.2d 98 (1984).

Only in most exceptional circumstances will this court review a claim which was not distinctly raised at trial. *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973); *State* v. *Taxiltaridis,* supra, 619. "Claims of error not brought to the attention of the trial court will be reviewed only if either a new constitutional right not readily foreseeable has arisen between the time of trial and appeal or if the record adequately supports a claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial. *State* v. *Evans,*

---

[3] We note that the defendant also argues that the trial court erred in not defining "sale" as that term is defined in General Statutes (Rev. to 1979) § 19-443 (50) (now General Statutes § 21a-240 [50]). We see no merit in this claim. "[W]hen a word contained in an essential element [of a crime] carries its ordinary meaning, failure to give the statutory definition will not constitute error. *State* v. *Maresca,* 173 Conn. 450, 460–61, 377 A.2d 1330 (1977) ('intentionally')." *State* v. *Kurvin,* 186 Conn. 555, 562, 442 A.2d 1327 (1982).

supra, 70." *State* v. *Taxiltaridis,* supra. The defendant argues, under *State* v. *Evans,* that he was denied a fundamental constitutional right and a fair trial.

Where no exception to the court's instructions has been taken, "to warrant reversal the error must consist of a failure to submit to the jury the essential ingredients of the offense on which the conviction rests; *Screws* v. *United States,* 325 U.S. 91, 107, 65 S. Ct. 1031, 89 L. Ed. 1495 (1945); see *State* v. *Reardon,* [172 Conn. 593, 602, 376 A.2d 65 (1977)]; or the case must involve plain error requiring such result in the interest of justice. Practice Book § 3063; *State* v. *Gelinas,* 160 Conn. 366, 279 A.2d 552 (1971); cf. Fed. R. Crim. Proc. 52 (b); *United States* v. *Clark,* [475 F.2d 240, 250 (2d Cir. 1973)]." *State* v. *Kurvin,* 186 Conn. 555, 561, 442 A.2d 1327 (1982). Our review of the record reveals that neither of those circumstances exist in this case. While both the initial charge and the curative instruction were not beyond improvement, upon examining the instructions in their entirety as part of the whole trial; *United States* v. *Park,* 421 U.S. 658, 674–75, 95 S. Ct. 1903, 44 L. Ed. 2d 489 (1975); *State* v. *Roque,* 190 Conn. 143, 157, 460 A.2d 26 (1983); we do not find that the claim of error raised by the defendant violated any right guaranteed to him under the fourteenth amendment to the United States constitution or article first, § 8, of the Connecticut constitution. *State* v. *Kurvin,* supra, 565.

There is no error.

In this opinion the other judges concurred.