JOSEPH G. MIHALEK v. PAUL M. CICHOWSKI ET AL.
(3052)

DUPONT, C.P.J., HULL and DALY, Js.

Argued May 10—decision released July 9, 1985

*Kenneth J. Mulvey, Jr.,* with whom, on the brief, was *Robert J. Enright,* for the appellant (named defendant).

*Joseph M. Delaney,* with whom, on the brief, was *Earl F. Dewey II,* for the appellee (plaintiff).

DUPONT, C.P.J. The plaintiff brought this action against the defendant Paul Cichowski[1] and the defendant Angelo Ghezzi to recover damages for injuries which the plaintiff sustained when an automatic pistol was accidentally discharged and the bullet struck the plaintiff. After a jury trial, a verdict was returned for the plaintiff. This appeal followed the trial court's denial of the defendant's motion to set aside the verdict.

On appeal, the defendant claims that the trial court erred in charging the jury (1) without sufficiently relating the facts of the case to the applicable law, (2) on damages for loss of earning capacity where the plaintiff failed to adduce sufficient evidence at trial on damages for loss of earning capacity, and (3) on the credibility of witnesses in light of prior inconsistent statements without specifically refering to Ghezzi.[2]

---

[1] The action was withdrawn as to Angelo Ghezzi after judgment on the jury verdict was rendered. Paul Cichowski is the only defendant involved in this appeal and is hereinafter referred to as the defendant.

[2] The defendant also raised in the preliminary statement of issues four other issues, of which three were not briefed and are deemed abandoned. *County Federal Savings & Loan Assn.* v. *Eastern Associates,* 3 Conn. App.

The defendant's first claim of error is that the trial court erred in its charge to the jury since the trial court failed sufficiently to instruct and guide the jury in relating the facts of this case to the applicable law. This claim is not properly reviewable because the defendant failed to satisfy the requirements of Practice Book §§ 315 and 3063.

Although the exception taken by the defendant alerted the trial court to the matter objected to, it did not distinctly state the ground of the objection. The ground for objection voiced was that "[y]ou have to work some facts in as you go through the basic structure of the charge to make that flow." Counsel excepting to the trial court's charge "shall state distinctly the matter objected to and the ground of objection." Practice Book § 315; *Giglio* v. *Hamilton Heights, Inc.*, 1 Conn. App. 165, 167, 469 A.2d 416 (1984). "The purpose for this rule is to alert the trial court so that it can 'cure any defects or ambiguities in the charge.' " Id. The complaint that the trial court's charge did not flow was insufficient to apprise the trial court of the claim made on appeal, that the trial court's charge insufficiently instructed the jury concerning the application of the law to facts.

The defendant's second claim of error is that the trial court erred in instructing the jury on damages insofar as they involved a loss of earning capacity. Certain facts are relevant to this issue. The plaintiff testified as to what he believed was the monetary loss he incurred because of the injuries sustained. Further, he introduced into evidence his income tax returns from 1977

---

582, 583 n.1, 491 A.2d 401 (1985). The defendant raised in his preliminary statement of issues and briefed whether the trial court erred in refusing to set aside the verdict because of the alleged errors in the trial court's charge to the jury. The defendant concedes that the claimed errors in the trial court's charge are those pressed on appeal. It is, therefore, unnecessary to consider this claim separately.

through 1982. The jury verdict was returned on November 7, 1983. The trial court limited the jury to determining the loss of earning capacity from the date of the injury to the date of trial.

The defendant essentially argues that the evidence adduced at trial was insufficient to support the plaintiff's claim for damages for loss of earning capacity. The defendant relies on *Mazzucco* v. *Krall Coal & Oil Co.,* 172 Conn. 355, 359–60, 374 A.2d 1047 (1977), to buttress his argument. That case, however, is factually inapposite since the court there relied on a combination of factors, such as the plaintiff's inability to estimate his lost earning capacity, his wife's illness which took him away from work, his employee's illness, and the taking of his property for redevelopment purposes, to conclude that damages pertaining to loss of earning capacity were too speculative. Id., 360. The case of *Delott* v. *Roraback,* 179 Conn. 406, 411–12, 426 A.2d 791 (1980), is factually apposite. In that case, there was a sufficient evidentiary basis for awarding damages for loss of earning capacity where the plaintiff testified that the accident curtailed her ability to demonstrate her products, her income tax returns showed a net loss for the year in which the accident occurred and the year after, and she testified that she would have showed a net profit for those years if her activities were not curtailed by the accident. Id. The trial court in the present case correctly charged the jury that the loss of earning capacity was an appropriate element of damages, that the loss of net profits of the plaintiff from his business was one measure of determining the amount of the loss, and that the amount of the loss could not be ascertained with exactness but could be considered as long as all of the evidence afforded a basis for a reasonable estimate.

The defendant's last claim of error involves the trial court's charge to the jury on the credibility of the wit-

nesses. In particular, the defendant argues that the trial court erred in not specifically mentioning, in accordance with his request to charge, Ghezzi as a witness whose credibility was impeached by prior inconsistent statements. The opposite situation has been addressed, that is, where error is claimed because the trial court's charge on the credibility of the witnesses specifically referred to a particular witness and thereby unduly emphasized the extent of the impeachment of that witness. *State* v. *Stepney,* 191 Conn. 233, 246–49, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772, reh. denied, 466 U.S. 954, 104 S. Ct. 2163, 80 L. Ed. 2d 547 (1984); *State* v. *Moynahan,* 164 Conn. 560, 575, 325 A.2d 199, cert. denied, 414 U.S. 976, 94 S. Ct. 291, 38 L. Ed. 2d 219 (1973). In both cases, the trial court's comments on the evidence were held to be within the wide discretion vested in the trial court. *State* v. *Stepney,* supra, 246–48; *State* v. *Moynahan,* supra, 575–76. The trial court here refused specifically to mention Ghezzi since it likely believed such comment would unduly emphasize the extent of Ghezzi's impeachment. Further, the trial court indicated in the charge that counsel for the parties discussed the facts of the case at great length in final argument. The trial court's latitude of discretion in commenting on the evidence does not mandate a discussion of particular testimony, especially where the issues were clearly delineated at trial and reviewed in the closing argument of counsel. *Bruneau* v. *Quick,* 187 Conn. 617, 628–29, 447 A.2d 742 (1982). Under the circumstances, this court does not find that the trial court abused the wide discretion vested in it.

There is no error.

In this opinion the other judges concurred.