KATHLEEN M. DUBALDO *v.* ROBERT V. DUBALDO
(5701)

SPALLONE, DALY and NORCOTT, Js.

Argued March 10—decision released June 14, 1988

*C. Michael Budlong,* with whom was *Terence S. Ward,* for the appellant (defendant).

*Raynald B. Cantin,* with whom was *David M. Askinas,* for the appellee (plaintiff).

SPALLONE, J. The defendant appeals from the judgment rendered in a dissolution action. The sole question presented to us in this appeal is whether the trial court erred when it failed to grant the defendant's oral motion for a mistrial made after the trial court conducted an ex parte discussion in chambers with one of the plaintiff's witnesses. We find error.

The facts pertinent to this appeal follow. The plaintiff, Kathleen M. Dubaldo, and the defendant, Robert V. Dubaldo, had been engaged in a long and bitter dissolution proceeding that culminated in a thoroughly and vigorously contested trial. During the course of these proceedings, one witness, Paul Sherbacow, testified twice. Sherbacow is an attorney licensed to practice in the state of Connecticut and, as counsel for the plaintiff, had signed the complaint which instituted the dissolution proceedings. Although the plaintiff secured other counsel for purposes of the dissolution action, Sherbacow continued to represent the plaintiff in other unrelated matters. It appears as well that Sherbacow was romantically involved with the plaintiff and it was revealed during his testimony that their amorous relationship had spanned the previous two years and that he had financially contributed to her support during that time.

On June 19, 1986, Sherbacow completed his testimony, thereby concluding his second appearance as a witness in the trial. As the defendant's counsel called his next witness, the trial court declared a recess and called Sherbacow into chambers. Neither counsel nor either of the parties were invited to attend this conference between the judge and the witness, and there is no transcript of the ex parte meeting held in chambers.

After approximately ten minutes, the judge returned to the courtroom, concluding the recess. At that point, defense counsel inquired as to the nature of the ex parte communications. The court stated that the conversation involved her expression of "sympathies to Mr. Sherbacow." The judge further remarked: "I have known [Mr. Sherbacow] for a while. I know this practice can be devastating to people and I think some words from people are helpful sometimes." Sherbacow's wife had recently passed away.

Counsel for the defendant then inquired of the court whether the court's meeting with the witness should cause the court to declare a mistrial. After defense counsel discussed the occurrence with his client, he moved for a mistrial.

It appears the court was initially inclined to grant the motion, remarking: "[F]rankly, I suppose a retrial would be better than having a ground for appeal." The plaintiff objected, the court ultimately denied the motion and the trial proceeded. The defendant pursued his quest for a mistrial and filed a motion to reargue on October 27, 1986, which was denied, and a motion to open and to disqualify which was denied on February 25, 1987.

Ultimately, the trial ended, a memorandum of decision was issued and judgment was rendered granting a dissolution of the marriage. The judgment also dis-

tributed real and personal property of the parties and made certain financial awards, none of which is at issue in this appeal. Although, in an amended preliminary statement of issues, the defendant claimed that the trial court erred in denying his motion to open and disqualify, this issue was not included in the final statement of issues nor was it briefed. See Practice Book § 4065. Accordingly, we will consider the second issue abandoned; *Mather* v. *Griffin Hospital,* 207 Conn. 125, 129 n.2, 540 A.2d 666 (1988); *State* v. *Martin,* 195 Conn. 166, 167 n.1, 487 A.2d 177 (1985); *Mihalek* v. *Cichowski,* 4 Conn. App. 484, 485 n.2, 495 A.2d 721 (1985); and confine our discussion to the claim that the court erred by denying the defendant's motion for a mistrial. We conclude that, under the facts and circumstances of this case, the trial court should have granted the motion for a mistrial.

The disqualification of judges in Connecticut is governed by General Statutes § 51-39[1] and by Canon 3 (C) of the code of judicial conduct. *Papa* v. *New Haven Federation of Teachers,* 186 Conn. 725, 744, 444 A.2d 196 (1982). General Statutes § 51-39 has no application to this case because the trial judge had no blood rela-

[1] "[General Statutes] Sec. 51-39. DISQUALIFICATION BY RELATIONSHIP OR INTEREST. JUDGE MAY ACT WITH CONSENT OF PARTIES. (a) Except as provided in this section, a judge is disqualified to act if a relationship between the judge and a party in any proceeding in court before him is as near as the degree of kinship between father and son, brothers, or uncle and nephew, by nature or marriage, or as near as between landlord and tenant, or if any judge may be liable to contribute to the damages, costs or expenses of any proceeding before him, or if he may receive a direct pecuniary benefit by the determination of any proceeding before him.

"(b) A judge shall not be disqualified to act in any proceeding by reason of his being a member of any ecclesiastical corporation, unless it is a party to the action, nor in any proceeding in which any town, city or borough is interested or is a party, by reason of his being an inhabitant thereof or liable to taxation therein or by reason of his being related to any taxpayer or inhabitant thereof.

"(c) When any judge is disqualified to act in any proceeding before him, he may act if the parties thereto consent in open court."

tion to anyone in the case, nor had she a pecuniary interest in the outcome. Our review, therefore, is confined to the strictures of the code of judicial conduct.

The code sets forth an objective standard for disqualifications; Canon 3 (C) (1) provides: "A judge should disqualify [herself] in a proceeding in which [her] impartiality might *reasonably* be questioned . . . ." (Emphasis added.) " 'Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's "impartiality might reasonably be questioned" is a basis for the judge's disqualification. Thus, an impropriety or the appearance of impropriety . . . that would reasonably lead one to question the judge's impartiality in a given proceeding clearly falls within the scope of the general standard . . . .' Thode, Reporter's Notes to Code of Judicial Conduct (1973), pp. 60–61. 'The question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his [or her] impartiality, on the basis of all of the circumstances.' *Rice* v. *McKenzie,* 581 F.2d 1114, 1116 (4th Cir. 1978); see *Spires* v. *Hearst Corporation,* 420 F. Sup. 304, 307 (D. Cal. 1976)." *Papa* v. *New Haven Federation of Teachers,* supra, 745–46.

The circumstances of this case graphically illustrate the need for heightened sensitivity on the part of judges and lawyers towards the recognition of the reality of the emotional trauma associated with the irretrievable breakdown of a marriage. See *Monroe* v. *Monroe,* 177 Conn. 173, 182–83, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979) (discussing the emotionally-laden circumstances of dissolution actions). In this case, an attorney, who had been engaged in a long term affair with the defendant's wife and who had actually commenced the dissolution proceedings, was invited into chambers by the trial judge

immediately following the conclusion of his testimony. It is not difficult to comprehend the intensity of the disquietude experienced by the defendant. The fact that the witness was both the boyfriend of the plaintiff and her attorney was known to the judge. Other manifestations of the hostility between the witness and the defendant became obvious during the defendant's cross-examination of Sherbacow.

The question presented here is not whether the judge could render an impartial decision, but whether her ex parte discussion with the witness immediately following his testimony created in the minds of observers, particularly the defendant, an appearance of impropriety. We believe that, regardless of the judge's intent,[2] her action created the appearance of impropriety. "Proof of actual bias is not required for disqualification. *Dacey* v. *Connecticut Bar Assn.*, 184 Conn. 21, 29, 441 A.2d 49 (1981); *Krattenstein* v. *G. Fox & Co.*, [155 Conn. 609, 615, 236 A.2d 466 (1967)]. The appearance as well as the actuality of impartiality on the part of the trier is an essential ingredient of a fair trial." *Cameron* v. *Cameron*, 187 Conn. 163, 170, 444 A.2d 915 (1982). We have embraced the rule that "justice must satisfy the appearance of justice"; *Offutt* v. *United States*, 348 U.S. 11, 14, 75 S. Ct. 11, 99 L. Ed. 11 (1954); even though this "stringent rule may sometimes bar trial by judges who have no actual bias and who would

---

[2] We do not have the slightest hesitation in acknowledging that the judge's intentions in expressing her condolences to Sherbacow were honorable and perhaps even commendable. Similarly, we have no quarrel with those venerable authorities, Emily Post and Miss Manners, cited in the plaintiff's brief; we willingly accede to the dictates of etiquette that the expression of sympathy on the death of a spouse is a rudiment of civility. The plaintiff, however, misses the point. It is not the giving of condolences with which we differ, but rather the manner in which it was done. More than simple good manners requires a judge presiding over a dissolution action—which a poet might define as the death of a marriage—to take into consideration the feelings of both parties and to exercise caution before acting in a way which could lead one party to believe that the tribunal is no longer impartial.

do their very best to weigh the scales of justice equally between contending parties." *In re Murchison,* 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955).

Although in this case there has been no showing of actual bias on the part of the trial judge, which fact the defendant conceded at oral argument, the facts and circumstances here reasonably implicate the appearance of impropriety. The trial court erred in failing to grant the defendant's motion for a mistrial.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.