## RICHARD J. BONELLI *v.* SANDRA A. BONELLI
## (6247)

DUPONT, C. J., BORDEN and NORCOTT, Js.

Argued November 15, 1988—decision released April 25, 1989

*M. Jane Christensen,* for the appellant (defendant).

*C. Michael Budlong,* with whom, on the brief, were, *Terence S. Ward* and *Kathleen A. Murrett,* for the appellee (plaintiff).

DUPONT, C. J. The defendant appeals from the judgment rendered in a dissolution action. The defendant claims that the trial court erred (1) in determining the division of property, (2) in failing to award her alimony, (3) in failing to award counsel fees to her, and (4) in denying her motions to reargue, to open the judgment

and to disqualify the trial judge, and for an evidentiary hearing. We conclude that the trial court erred in denying the defendant's motion to open the judgment and to disqualify the trial judge and therefore we need not consider the other claims of error.

The plaintiff husband and the defendant wife were married on June 17, 1970, and the marriage was dissolved on January 30, 1987. There were no children of the marriage.

Subsequent to the rendering of the judgment of dissolution, the defendant filed a motion to reargue. Before the motion to reargue was heard, the defendant learned of facts that led her to file a motion to open the judgment and to disqualify the trial judge.[1] The defendant's motion to open the judgment and to disqualify alleged that the trial court, *Kaplan, J.*, and the plaintiff's counsel had previously had a cocounsel relationship in a wrongful death case prior to the trial judge's appointment,[2] and that the relationship as cocounsel continued until the time that the judge was appointed to the bench. The motion further alleged that the wrongful death case was unresolved and that the judge's former law firm and the plaintiff's counsel continued to have a cocounsel relationship, there being probate matters and a legal fee dispute still pending.

The court denied the defendant's motion to open and disqualify, finding that the motion was legally insufficient to support a basis for disqualification. Thereafter, the defendant filed a motion for an evidentiary hearing on the motion to disqualify, which was denied by the court, *Barall, J.*, on the grounds that Judge Kaplan had held that there was an insufficient factual basis for

---

[1] A motion for disqualification or recusal made after judgment is timely if the moving party was not alerted to the basis of the claim until after trial. See *Szypula* v. *Szypula,* 2 Conn. App. 650, 482 A.2d 85 (1984).

[2] The judge was appointed to the bench in November, 1985.

recusal and that the defendant failed to present any claim or fact that the judge would receive fees or reimbursement from the resolution of the wrongful death case.

*Szypula* v. *Szypula,* 2 Conn. App. 650, 482 A.2d 85 (1984), sets forth the procedural requirements for raising a claim of judicial disqualification. A party asserting disqualification is required to state facts on the record that, if taken as true, give fair support to the party's claim. Id., 656. "If those facts, taken as true, give that fair support, the party is entitled to an evidentiary hearing on those facts before another judge." Id. An evidentiary hearing is required, however, only when the facts are disputed. Id., 655. Because the undisputed facts on the record are sufficient to require disqualification of the judge in this case, it is unnecessary to determine whether it was error to deny the defendant an evidentiary hearing.

At the hearings on the defendant's motion to open and disqualify, Judge Kaplan stated on the record the facts pertinent to his relationship with the plaintiff's counsel. The judge's former law firm and the plaintiff's counsel had a cocounsel relationship in a wrongful death action (hereinafter referred to as the Nesko case) while the trial judge was a partner in the firm. This relationship continued up to the time that the judge was appointed to the bench. The judge's former firm continued to represent the plaintiffs in the Nesko case in a cocounsel relationship with the present plaintiff's counsel up to the time of the motion for disqualification.

The specific extent of the trial judge's involvement in the Nesko case is unclear. While at one point during the hearing on the motion to open and disqualify, the judge stated, "I handled that file [for the Nesko plaintiff]," at another point the judge noted that none of the pleadings in the Nesko case was signed by him

and that his involvement in the case was limited. What is undisputed is that the judge personally, as opposed to any other member of his law firm, met with and interviewed one of the Nesko plaintiffs. It is also undisputed that the judge engaged in correspondence with a law firm previously employed and later discharged by a Nesko plaintiff, which discussed a fee division and arrangements for transmittal of the Nesko file. It is clear from the record that probate matters relating to the settlement of the Nesko case and a dispute over legal fees filed in the Superior Court remained pending at the time of the present dissolution trial and that the judge's former law firm and the plaintiff's counsel continued to represent one or more of the Nesko plaintiffs' interests in these matters. The judge stated that while he has a financial arrangement with his former law firm, the resolution of the Nesko case would have no effect on that arrangement.

The defendant contends that the cocounsel relationship in the Nesko case, together with the fact that litigation concerning legal fees in the Nesko case remained pending at the time of the dissolution trial, required the granting of the motion to open and disqualify. The defendant also argues that the facts on the record demonstrate that, at the time the defendant's case was heard, the plaintiff's counsel was involved in litigation which could financially affect the judge's former law firm.

The disqualification of judges in Connecticut is governed by General Statutes § 51-39 and by Canon 3 C of the Code of Judicial Conduct. *Dubaldo* v. *Dubaldo,* 14 Conn. App. 645, 648, 542 A.2d 750 (1988). The defendant relies on Canon 3 C (1) of the Code of Judicial Conduct, which provides: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned . . . . " "The standard to be employed is an objective one, not the judge's

subjective view as to whether he or she can be fair and impartial in hearing the case." *Papa* v. *New Haven Federation of Teachers,* 186 Conn. 725, 744, 444 A.2d 196 (1982). " ' "Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's 'impartiality might reasonably be questioned' is a basis for the judge's disqualification. Thus, an impropriety or the appearance of impropriety . . . that would reasonably lead one to question the judge's impartiality in a given proceeding clearly falls within the scope of the general standard . . . . " Thode, Reporter's Notes to Code of Judicial Conduct (1973), pp. 60–61. "The question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his [or her] impartiality, on the basis of all the circumstances." *Rice* v. *McKenzie,* 581 F.2d 1114, 1116 (4th Cir. 1978); see *Spires* v. *Hearst Corporation,* 420 F. Sup. 304, 307 (D. Cal. 1976).' *Papa* v. *New Haven Federation of Teachers,* supra, 745–46." *Dubaldo* v. *Dubaldo,* supra, 649; see also *Dacey* v. *Connecticut Bar Assn.,* 184 Conn. 21, 441 A.2d 49 (1981).

"We have embraced the rule that 'justice must satisfy the appearance of justice'; *Offutt* v. *United States,* 348 U.S. 11, 14, 75 S. Ct. 11, 99 L. Ed. 11 (1954); even though this 'stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties.' *In re Murchison,* 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955)." *Dubaldo* v. *Dubaldo,* supra, 650.

Although no single fact in this case requires disqualification, we conclude from the totality of circumstances, and the facts as established on the record, that disqualification was required because these circumstances

could reasonably lead an objective observer to question the judge's ability to be impartial. *Dubaldo* v. *Dubaldo,* supra, 649.

There is error, the judgment is set aside as to the financial awards and property division, and the case is remanded, limited to those issues.

In this opinion the other judges concurred.