[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO DISQUALIFY TRIAL COURT) (MOTION FOR A NEW TRIAL)
The plaintiff is a former employee of the defendant Yale-New Haven Hospital. In November, 1996, the plaintiff filed a complaint against the defendant Yale-New Haven Hospital, her former supervisor and the vice-president for Human Resources based on the hospital's decision to terminate the plaintiffs employment in March, 1996. The case was tried to the court, Pittman, J., over a period of twenty trial days from May, 2001 into July, 2001. On August 14, 2001, the court issued its memorandum of decision in which it found for the defendants on all counts and entered judgment accordingly. Thereafter, the plaintiff filed an appeal, which is currently pending.
On February 20, 2002, the plaintiff filed a motion to disqualify the trial court from hearing further proceedings regarding post trial motions relating to this matter pursuant to Practice Book § 1-23.[1]
Thereafter, the plaintiff filed an amended motion to disqualify the trial court and a motion for a new trial on May 24, 2002. The parties appeared before this court on May 28, 2002, when a hearing was held and documentary evidence was presented by counsel for the plaintiff
 I
The court must first address whether the plaintiffs motion to disqualify the trial judge is timely as it was filed approximately nine months after the commencement of the trial and approximately six months after the court issued its memorandum of decision. Dacey v. ConnecticutBar Assn. 184 Conn. 21, 28, 441 A.2d 49 (1981).
Practice Book § 1-23 requires that a motion to disqualify the judicial authority be filed at least 10 days prior to the start of the trial "unless good cause is shown for failure to file within such time." CT Page 8203-bf The affidavit which accompanied the subject motion to disqualify is signed by the plaintiffs counsel and sets forth that only after the memorandum of decision was filed by the trial judge did the plaintiffs attorney become aware of information "indicating the existence of a professional relationship between the trial judge, the defendant Yale-New Haven Hospital and the defendant's attorney.
An accusation of bias or prejudice "against a judge . . . "strikes at the very core of judicial integrity and tends to undermine public confidence in the established judiciary." Cameron v. Cameron,187 Conn. 163, 168, 444 A.2d 915 (1982). Because such a charge "implicates basic concepts of fair trial"; id.; and because "[n]o more elementary statement concerning the judiciary can be made than that the conduct of the trial judge must be characterized by the highest degree of impartiality"; Felix v. Hall-Brooke Sanitarium, 140 Conn. 496, 501,101 A.2d 500 (1953); it requires that we "[examine] the record with infinite care. . . ." Id.; Szypula v. Szypula, 2 Conn. App. 650, 653,482 A.2d 85 (1984).
Due to the seriousness of the subject mailer and the allegations set forth in the affidavit filed by the plaintiffs attorney, the court for good cause shown, finds that the filing of the subject motion to disqualify the trial judge was timely.
 II
"The disqualification of judges in Connecticut is governed by General Statutes 51-39 and by Canon 3(C) of the code of judicial conduct. Papav. New Haven Federation of Teachers, 186 Conn. 725, 744, 444 A.2d 196
(1982).
General Statutes § 51-39 reads as follows:
 (a) Except as provided in this section, a judge or family support magistrate is disqualified to act if a relationship between the judge or family support magistrate and a party in any proceeding in court before him is as near as the degree of kinship between father and son, brothers, or uncle and nephew, by nature or marriage, or as near as between landlord and tenant, or if any judge or family support magistrate may be liable to contribute to the damages, costs or expenses of any proceeding before him, or if he may receive a direct pecuniary benefit by the determination of any proceeding before him.
(b) A judge or family support magistrate shall not be CT Page 8203-bg disqualified to act in any proceeding by reason of his being a member of any ecclesiastical corporation, unless it is a party to the action, nor in any proceeding in which any town, city or borough is interested or is a party, by reason of his being an inhabitant thereof or liable to taxation therein or by reason of his being related to any taxpayer or inhabitant thereof
 (c) When any judge or family support magistrate is disqualified to act in any proceeding before him, he may act if the parties thereto consent in open court.
As a matter of law, the plaintiff has not alleged facts that would support disqualification under General Statutes § 51-39 because the plaintiff has not and cannot allege that the trial judge had a blood relationship to any party to the case or a pecuniary interest in the outcome. At a hearing held before this court, the plaintiff produced no documentary evidence of any pecuniary interest in the outcome of the case by the trial judge, nor did the plaintiff raise any credible possibility of a pecuniary interest. The plaintiffs only claim that could raise a tenuous possibility of a pecuniary interest is the allegation that by working as a tutor at the Yale Law School, the trial judge could be financially affected by any possible judgment that might have been rendered against the Yale-New Haven Hospital. This court discusses the relationship between Yale-New Haven Hospital and the Yale Law School in its following findings. The court's review, therefore, is confined to the strictures of the code of judicial conduct. Dubaldo v. Dubaldo,14 Conn. App. 645, 648-49, 542 A.2d 750 (1988).
 III
Connecticut's Code of Judicial Conduct Canon 3(c)(1) states that" [a] judge should disqualify himself or herself in a proceeding in which the judge's impartiality might be reasonably questioned," including but not limited to situations where:
 (A) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(B) the judge served as lawyer in the mailer in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the mailer, or the judge or such lawyer has been a material witness concerning it; CT Page 8203-bh
 (C) the judge knows that he or she, individually or as a fiduciary, or his or her spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
 (D) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
 (i) is a party to the proceeding, or an officer, director, or trustee of a party;
(ii) is acting as a lawyer in the proceeding;
 (iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
 (iv) is to the judge's knowledge likely to be a material witness in the proceeding.
The code sets forth an objective standard for disqualifications; Canon 3(C)(1) provides: "A judge should disqualify [herself) in a proceeding in which [her] impartiality might reasonably be questioned. . . ." (Emphasis added.) ""Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's "impartiality might reasonably be questioned" is a basis for the judge's disqualification. Thus, an impropriety or the appearance of impropriety . . . that would reasonably lead one to question the judge's impartiality in a given proceeding clearly falls within the scope of the general standard. . . .' Thode, Reporter's Notes to Code of Judicial Conduct (1973), pp. 60-61. "The question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his [or her] impartiality, on the basis of all of the circumstances.' Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir. 1978); see Spires v. HearstCorporation, 420 F. Sup. 304, 307 (D. Cal. 1976)." Papa v. New HavenFederation of Teachers, supra, 745-46; Dubaldo v. Dubaldo, supra. The Connecticut Supreme Court has summarized Canon 3(c) by stating that "[a]ny conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's "impartiality might reasonably be questioned' is a basis for a judge's disqualification."Papa v. New Haven Federation of Teachers, supra, 745-46.
The plaintiff contends that the trial judge "had a professional CT Page 8203-gi relationship with lead defense counsel and was employed by Yale Law School, a corporate part of the defendant Yale-New Haven Hospital." Plaintiff seeks an order disqualifying the trial judge from "further contact with the case", as well as, a new trial.[2] In resolving a motion to disqualify the initial burden is on the moving party to "state facts on the record which, if true, give fair support to [a] claim" of real or apparent bias. Szypula v. Szypula, supra, 656. If the movant doesn't meet this burden, the movant is not entitled to an evidentiary hearing on those facts before another judge. Id.
The undisputed facts disclose that the trial judge and the lead counsel for the defendants were tutors in the clinical studies program at the Yale Law School. Tutors in the clinical studies program are members of the local bar and judiciary who have been asked to assist in running the trial advocacy course, by meeting with a group of students one evening per week. The tutors do not meet with each other. There are approximately twenty-five tutors listed in the Yale Law School's bulletin and only five to ten tutors are needed for any particular semester. The trial judge in question, last tutored in 1999. Approximately ten judges have acted as tutors in the school years from 1997 through 2002. They include magistrates and judges from the federal judiciary, as well as, Connecticut. Lead counsel for the defendant has also been a tutor in the clinical studies program during the past five years.
Plaintiff characterizes the fact that the trial judge and defense counsel participated as tutors as an "inappropriate and long term professional relationship," that is "further compounded by the fact that the professional relationship is a result of appointment or employment of both by the Yale Law School." In Bonelli v. Bonelli, 214 Conn. 14,570 A.2d 189 (1990), the Connecticut Supreme Court, ruling on an analogous issue makes it clear that this relationship as tutors in insufficient to disqualify the trial judge. The court ruled that a judge was qualified to preside at a trial in which one of the parties was represented by an attorney with whom the trial judge had previously been co-counsel in an unrelated case.
"The defendant does not claim, nor is there any other indication, that the judge had a financial relationship with the plaintiffs attorney or that the judge retained a financial interest in the outcome of the wrongful death action. In addition to the absence of any financial relationship, the record indicates that there was no business, social or any other relationship between the judge and the plaintiffs attorney other than the prior co-counsel association . . ." Id. at 18-19. CT Page 8203-bj
 "In order to assess disqualification in the context of a prior co-counsel relationship, the important factors to be considered are the closeness of the co-counsel relationship, the possibility of any financial benefit to the judge resulting from the co-counsel association, the existence of any social or personal relationship between the trial judge and counsel, and the amount of time that has elapsed after termination of the co-counsel relationship. Examination of the "totality of the circumstances" in this case demonstrates that this prior co-counsel relationship was not a very close association . . ." Id. at 19.
Disqualification is not necessarily required even when his former law partner appears before a trial judge; Id. at 20; Alvarado Morales v.Digital Equipment Corporation, 699 F. Sup. 16, 18 (D. Puerto Rico 1988); Bumpus v. Uniroyal Tire Co. Division of Uniroyal, Inc.,385 F. Sup. 711, 714 (E.D.Pa. 1974); nor is it required when counsel is a former law clerk. Patzner v. Burkett, 779 F.2d 1363, 1372 (8th Cir. 1985); Smith v. Pepsico, Inc., 434 F. Sup. 524, 526 (S.D.Fla. 1977).
"Canon 3 C was adopted by the Superior Court in 1974, and it reflects the purpose of avoiding even the appearance of impropriety in the realm of judicial conduct. We do not question that the prevention of the appearance of impropriety is of vital importance in preserving confidence in the judiciary and the judicial process." Bonelli v. Bonelli, supra, 19: Cameron v. Cameron, 187 Conn. 163, 170, 444 A.2d 915 (1982); Daceyv. Connecticut Bar Ass'n, supra, 29; Dubaldo v. Dubaldo, supra, 650.
The trial judge and defense counsel have never tutored students together or in the same semester.[3] At the time of trial neither the trial judge or defense counsel had tutored since the Fall semester of 1999.[4] It has not been alleged that the parties had a social or personal relationship or a previous business or professional relationship. The application of the facts in this case to the standard set by Canon 3 C leads the court to conclude that, a reasonable person knowing all the facts would conclude that the trial judge's prior association with the plaintiffs attorney as a tutor in the clinical studies program did not jeopardize her impartiality.
 IV
The plaintiff further argues that the employment of the trial judge and lead defense counsel by the Yale Law School is an inappropriate relationship with the defendant Yale-New Haven Hospital. Plaintiff contends that the Yale Law School is "inextricably affiliated" with the defendant Yale-New Haven Hospital by virtue of a written agreement which CT Page 8203-bk requires that members of the governing boards of both institutions be shared and common. The plaintiff has produced no evidence of this other than her allegation. The defendant counters that Yale University and Yale New-Haven Hospital are separate and distinct legal entities and that each are registered with the Connecticut Secretary of State as domestic non-stock corporations, which operate independently of one another. While the Hospital has an affiliation with the University in order to facilitate its accreditation as a teaching hospital, the boards of the two institutions are not "shared and common."
Plaintiff cites Dacey v. Connecticut Bar Ass'n, 184 Conn. 21, 29,441 A.2d 49 (1981) where the judge was a member of the defendant association, and thus was disqualified from sitting on the case. In the instant mailer the trial judge is not a "member" of Yale University or the Yale-New Haven Hospital.
 V
We have embraced the rule that "justice must satisfy the appearance of justice"; Offut v. United States, 348 U.S. 11, 14, 75 S.Ct. 11,99 L.Ed. 11 (1954); even though this "stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties." Szypula v.Szypula, supra, 650; In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623,99 L.Ed. 942 (1955).
In its April 1, 2002 decision regarding Sao Paulo State of theFederative Republic of Brazil v. American Tobacco, Inc., et aL, 01-835, (U.S. 2002), the United States Supreme Court discussed Section 455(a) of 28 U.S.C. (1994 ed.) which deals with the recusal and disqualification of federal judges.
 "The Fifth Circuit's decision is inconsistent with Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988), which stated that § 455(a) requires judicial recusal "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge" of his interest or bias in the case. 486 U.S., at 861 (internal quotation marks omitted and emphasis added). The decision whether his "impartiality might reasonably be questioned" should not have been made in disregard of these facts; and when they are taken into account we think it self evident that a reasonable person would not believe he had any interest or bias."
In reviewing the facts of this case, as set forth in the plaintiffs CT Page 8203-bl motion to disqualify, the law cited by the parties, the oral argument of the parties, and the memorandum of decision, and then applying them to the standards set by Canon 3 C, this court is of the opinion that the trial judge would not believe that she had any interest in the outcome of the case or bias that would jeopardize her impartiality. A reasonable person would also not believe that she had any interest or bias.
Accordingly, the court hereby denies the plaintiffs amended motion to disqualify the trial court, dated May 18, 2002.
The plaintiff has also filed a motion for a new trial for the reasons set forth and discussed herein relating to the motion to disqualify the trial judge. A motion for a new trial can be considered if there is a claim of newly discovered evidence, jury bias or misconduct or other substantial grounds. Davis v. Fracasso, 59 Conn. App. 291, 296,756 A.2d 325 (2000); In re James, 55 Conn. App. 336, 345, cert. denied,252 Conn. 907, 738 A.2d 749 (1999); State v. Meyers, 242 Conn. 125,698 A.2d 823 (1997); Burr v. Lichtenheim, 190 Conn. 351, 355, 460 A.2d 1290
(1983). The basic question is whether or not an injustice has been done.
The court finds that its decision regarding the plaintiffs motion to disqualify the trial judge is dispositive of the plaintiffs motion for a new trial, as the plaintiff has not set forth any additional allegations other than those already discussed herein.
Accordingly, the motion for a new trial is also denied. The court further orders that remaining matters regarding any other post trial motions be referred back to the trial court (Pittman, J.) for further proceedings.
The Court
 By ___________________ Arnold, J.